In the Matter of JAMES A. FONTONE, Respondent, *v.* ROBERT O. LOWERY, as Fire Commissioner of the City of New York and as Chairman of the Board of Trustees of the New York Fire Department Pension Fund, et al., Appellants.

First Department, February 25, 1971.

*Beatrice Rothman* of counsel (*Stanley Buchsbaum* with her on the brief; *J. Lee Rankin, Corporation Counsel*), for appellants.

*Murray A. Gordon* for respondent.

STEVENS, P. J. In this article 78 proceeding respondents appeal from an order entered July 20, 1970 (SAYPOL, J.) which granted petitioner's application to review and annul a determination of the Board of Trustees, New York City Fire Department, denying petitioner credit for his prior employment in the New York City Sanitation Department in the calculation of his disability retirement allowance, and which directed that such credit be allowed and that petitioner be paid an increased retirement allowance retroactive to October 2, 1969.

January 1, 1953, petitioner was appointed a probationary fireman. Such appointment was deemed retroactive to January 16, 1952, by reason of petitioner's prior military service. Petitioner continued to serve in the department until his retirement, effective October 2, 1969, at age 51, when he was retired on an ordinary disability retirement allowance, growing out of a condition resulting from a myocardial infarction June 1, 1966, apparently unrelated to his Fire Department duties. While in the Fire Department petitioner was a member of and paid contributions to the Fire Department article 1B Pension Fund after having duly elected a minimum period of retirement of 20 years. His actual service in the Fire Department was 17 years, 8 months and 16 days.

Prior to his employment in the Fire Department petitioner had previously served in the Department of Sanitation and/or the military forces of the United States for a total period of 8 years, 6 months, 12 days, and had been a member of the New York City Employees' Retirement System. In April, 1968, petitioner paid the sum of $1,359.75 to the Fire Department article 1B Pension Fund to obtain credit for his prior service in the Sanitation Department.

Petitioner's retirement allowance was one half of his final compensation in accordance with subdivision 2 of section

B19–7.88 of the Administrative Code of the City of New York. In this proceeding petitioner sought to have credit for his Sanitation Department service added to that of his Fire Department service, and, as a result, to have his retirement allowance based on the provisions of subdivision 1 of section B19–7.88. The sections of the Administrative Code (L. 1969, ch. 868) referred to read as follows:

§ B19–7.88 Retirement allowances; for ordinary disability.— Upon retirement for ordinary disability, a member shall receive a retirement allowance which shall be equal to:

" 1. If the number of years of city-service credited to him is equal to or exceeds the minimum period for service retirement elected by him, (a) one-fortieth of his final compensation multiplied by the number of years of city-service credited to him, in the case of a member whose minimum period is twenty years of city-service, and (b) one-fiftieth of his final compensation multiplied by the number of years of city-service credited to him, in the case of a member whose minimum period is twenty-five years of city service; or

" 2. One-half of his final compensation as such member, if the number of years of city-service credited to him is equal to or exceeds ten, but is less than his minimum period for service retirement ".

The question to be resolved is what constitutes " city-service " within the meaning of the quoted provisions, and whether it is such service credited or actual service in the department which controls.

Subdivision d of section B19–7.58 of New York City Administrative Code (L. 1964, ch. 967) under which petitioner was enabled to purchase his Sanitation Department time, reads as follows: " d. Any person who was a member of the New York city employees' retirement system whose membership therein was terminated by his attaining membership in the fire department pension fund, article one-b, and who had withdrawn his contributions to the New York city employees' retirement system, shall receive credit in the said fire department pension fund for prior creditable city service by paying into the annuity savings fund of the said fire department pension fund the amount of the employee contributions required to have been paid into the New York city employees' retirement system for such prior creditable city service, within two years after this act shall take effect, provided however that no member of the said fire department pension fund shall be eligible for retirement for service until he has served in the fire department for a minimum period of twenty or twenty-five years, or until he

has reached the age of fifty-five, according to the minimum period or age of retirement elected by such member prior to the certification of his rate of contribution."

Since city-service is not defined in section B19–7.88, we turn to subdivision 3 of section B19–7.54 of the Administrative Code, which states: " 3. ' City-service ' shall mean service in the uniformed force of the [fire] department and shall include service credit acquired by transfer [from the police department] pursuant to section 487a–10.0 of this code."

It is noted that the Sanitation Department is not therein included. The provision in subdivision d of section B19–7.58 establishes the conditions. It is there stated: " provided, however, that no member of the said fire department pension fund shall be eligible for retirement for service *until he has served in the fire department* for a minimum period of twenty or twenty-five years, or until he has reached the age of fifty-five, according to the minimum period or age of retirement *elected by such* member prior to the certification of his rate of contribution " (emphasis added). Since neither of such conditions was met (i.e., 20 years' service or age 55), it is concluded that the disability allowance was properly calculated.

Nor is the 1964 memorandum of the Uniformed Fire Officers Association, Fire Department, City of New York, with reference to section B19–7.58, to be lightly regarded. True, it is not controlling, but its language is indicative of the significance and understanding of purpose attributed to this section by those most directly affected.

The judgment appealed from should be reversed and the petition dismissed, without costs to either party.

CAPOZZOLI, McGIVERN, KUPFERMAN and TILZER, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on July 20, 1970, unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed.